884 F.2d 1389
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William PEARLMAN, Plaintiff-Appellant,
v.
Richard M. KREMEN, Trustee for the Bankrupt Estate of Albert
S. Blank, David F. Albright, Frank T. Caudill,
Trustees-Appellees.
 No. 87-2044.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 2, 1989.
Decided Aug. 29, 1989.
 
 William Pearlman, appellant pro se.
 David Foxwell Albright, Paul Jeffrey Cohen Semmes, Bowen & Semmes, and William Carlson Shapiro and Olander, for appellees.
 Before DONALD RUSSELL, PHILLIPS, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 William Pearlman appeals from a jury verdict in favor of the bankruptcy estate of Albert Blank, assessing liability against Pearlman in the amount of $50,000 for fraud against the bankruptcy estate and in the amount of $30,000 for conspiracy to defraud the bankruptcy estate. Pearlman argues that the evidence was insufficient for the jury to find against him.[1] We affirm.
 
 
 2
 The district court denied Pearlman's motion for a directed verdict on the fraud and conspiracy to defraud counts. As did the district court, we consider whether the evidence, viewed in the light most favorable to the estate, was such that a reasonable juror could only find in favor of Pearlman. See Gairola v. Virginia Dep't of General Services, 753 F.2d 1281, 1285 (4th Cir.1985). We conclude that the evidence was such that a jury could find, by clear and convincing evidence, that Pearlman conspired to defraud and committed fraud against the bankruptcy estate. The jury could find from the evidence presented that Pearlman assisted Blank and Blank's bankruptcy attorney in preparation of the bankruptcy schedules and in this process failed to disclose to the bankruptcy attorney assets held by Blank of which Pearlman was aware. The jury could further find that Pearlman conspired with Blank to conceal assets from the bankruptcy estate.
 
 
 3
 The judgment entered on the jury's verdict is affirmed.[2] We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court and argument would not aid in the decisional process.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 In a related appeal, No. 88-2139, defendant John Kazley raised the issue of whether the $30,000 award should be against the defendants jointly or against each of the defendants. We upheld the district court's refusal to modify the judgment to reflect that the defendants jointly owed $30,000. Kremen v. Kazley, No. 88-2139 (4th Cir. May 12, 1989) (unpublished)
 
 
 [2]
 Although only portions of the trial have been transcribed, review of the tapes of the remainder of the trial and of the exhibits on file reveals no substantial question which would warrant preparation at government expense of a transcript of the entire trial. See 28 U.S.C. Sec. 753(f)